**CONTINENTAL DISTILLING CORPORATION, Appellant,**

v.

**NORMAN WILLIAMS CO., Assignee of E. Martinoni Company, Appellee.**

**Patent Appeal No. 8413.**

United States Court of Customs and Patent Appeals.

June 17, 1971.

Henry W. Leeds, Washington, D. C. (Mason, Fenwick & Lawrence), Washington, D. C., attorney of record, for appellant.

Warren L. Kern, Los Angeles, Cal., Russell L. Law, Washington, D. C., for appellee.

Before RICH, ALMOND, BALDWIN, LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal by Continental Distilling Corporation from the decision of the Trademark Trial and Appeal Board [1] dismissing its opposition to the registration by appellee's predecessor [2] of the

marks Canadian Belle [3] for Canadian whiskey, Cumberland Belle [4] for bourbon whiskey, Heather Belle [5] for Scotch whiskey and River Belle [6] for bourbon whiskey.

The opposer-appellant, hereinafter appellant, is the owner of the mark comprising the words Dixie Belle in association with a design for gin.[7] Priority is established in the record.

The opposition was based on the ground that the marks Canadian Belle, Cumberland Belle, Heather Belle and River Belle so resemble the appellant's mark as to be likely to cause confusion, mistake or deception when used in connection with distilled spirits. 15 USC 1052(d). Neither party took testimony in the proceedings below. While appellee did rely on the existence of ten third party registrations, our decision does not take those third party registrations into consideration.

Appellant's case centers around the position that the dominant portion of the respective marks is the word Belle and the argument that the consumer, seeing that word with a geographic-type prefix, would be confused. Appellant has relied heavily on the case involving the marks Virginia Gentleman, Indiana Gentleman, and American Gentleman, all for whiskey. A. Smith Bowman Distillery, Inc. v. Schenley Distillers, Inc., 198 F. Supp. 822 (D.Del.1961). We are not convinced.

The factual situation in the *Bowman* case is distinguishable from the present case. In that case, there was extensive evidence of the substantial sales by the plaintiff under its mark and the public recognition and prestige of the product. The court there concluded that plaintiff had acquired a valuable goodwill in the mark Virginia Gentleman and that the

---

1. Abstracted at 157 USPQ 715 (1968).

2. E. Martinoni Company.

3. Serial No. 219,030, filed May 17, 1965, and published Mar. 22, 1966.

4. Serial No. 219,018, filed May 17, 1965, and published Mar. 22, 1966.

5. Serial No. 219,023, filed May 17, 1965, and published Mar. 22, 1966.

6. Serial No. 219,020, filed May 17, 1965, and published Mar. 22, 1966.

7. Registration No. 310,075, dated February 13, 1934 and 501,311, dated August 3, 1948, annexed to the Notice of Opposition filed April 22, 1966.

infringer's course of conduct was an attempt to come as close as possible to a mark with a high degree of established customer goodwill and "to take a free ride on a popular brand product."

Here, on the other hand, there is no evidence before the court as to the advertising, sale, reputation or goodwill of the mark Dixie Belle. Neither do we find evidence of the appellee's attempt to trade on the appellant's mark.

The mark Dixie Belle and design for gin and appellee's marks Cumberland Belle, River Belle, Heather Belle and Canadian Belle do not look alike or sound alike. The fact that all the marks share the word Belle is not controlling. When the marks are taken in their entireties, we fail to see any likelihood of confusion, mistake or deception.

For the reasons stated above, the decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.